**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-CR-1037-LRR |
| Plaintiff, | |
| vs. | **ORDER** |
| GREG ALAN JOHNSON, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Greg Alan Johnson's Objections ("Objections") (docket no. 55) to the Report and Recommendation (docket no. 54), which recommends that the court grant the government's request to involuntarily administer psychotropic medication in order to restore his competency to proceed to trial.

## *II. RELEVANT PROCEDURAL HISTORY*

On July 11, 2006, Defendant was charged in a three-count Indictment with mailing threatening communications, in violation of 18 U.S.C. § 876(c).

On September 28, 2006, the government filed a Motion for a Competency Examination of Defendant and Hearing on Defendant's Competency to Stand Trial ("Motion for Examination") (docket no. 16). On October 3, 2006, a United States Magistrate Judge granted the Motion for Examination, requiring Defendant to undergo a complete psychiatric examination at a facility designated by the Attorney General. On December 22, 2006, the court was notified that Defendant was deemed incompetent to stand trial by his physician. On December 29, 2006, the United States Magistrate Judge ordered that Defendant be hospitalized, for a period not to exceed four months, to determine if Defendant would be likely to "attain the capacity to permit the trial to

proceed."

On April 4, 2007, Warden A.F. Beeler of the Federal Medical Center in Butner, North Carolina ("Warden"), wrote a letter to the court ("Letter Request"),[1] which included a psychological evaluation of Defendant ("Forensic Evaluation") and requested "judicial oversight" of the medical opinion that involuntary administration of psychotropic medications to Defendant is necessary to restore him to competency for trial.

On May 15, 2007, the parties appeared before another United States Magistrate Judge for a competency hearing ("Hearing"). Defendant was present via video teleconference and his attorney, Stephen A. Swift, was personally present. Assistant United States Attorney Ian K. Thornhill personally appeared on behalf of the government. Defendant's evaluators, Dr. Robert E. Cochrane and Dr. Byron Herbel (collectively, "Evaluators"), were also present via video teleconference. On May 17, 2007, the United States Magistrate Judge issued the Report and Recommendation, which recommended that the court grant the Warden's request. On May 25, 2007, Defendant filed his Objections to the Report and Recommendation. The court finds the matter fully submitted and ready for review.

### III.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59 explains that for "dispositive" matters, "[a] district judge may refer to a magistrate judge for recommendation . . . any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1).

Although the Eighth Circuit Court of Appeals has yet to rule on the issue, the Ninth Circuit Court of Appeals has held, convincingly, that "an order authorizing involuntary medication is dispositive of a claim or defense of a party" because it "will have direct consequences on [a defendant's] defense that [he or she] is not competent to stand trial."

---

[1] The Letter Request is dated April 4, 2006, but it was received by the Clerk of Court on April 30, 2007, and references a December 29, 2006 court order.

*United States v. Rivera-Guerrero*, 377 F.3d 1064, 1069 (9th Cir. 2004); *see id.* (relying on *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990), a case in which the the Ninth Circuit Court of Appeals determined that it would not simply look to the list of excepted pretrial matters in §636 to determine whether a matter is dispositive or nondispositive, but rather, it would look at the effect of the motion); *see also Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (applying a "functional equivalency test to see if particular motion has the same practical effect as a recognized dispositive motion").

However, as a "dispositive" matter, "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.").

Defendant made specific, timely objections to the Report and Recommendation. Therefore, the court will consider Defendant's Objections de novo.

### IV. ANALYSIS

#### A. Findings of Facts

Neither party objects to the findings of facts in the Report and Recommendation. Therefore, the court adopts the United States Magistrate Judge's findings of facts in the Report and Recommendation.

#### B. Conclusions of Law

In his Objections, Defendant asserts that the United States Magistrate Judge's legal conclusions in the Report and Recommendation are erroneous.

First, Defendant argues that if any medication is administered to him, there is no

guarantee that any restoration to competency will persist through a trial. However, the Evaluators clearly state that for multi-episode patients like Defendant, there is only a 30% chance of relapse per year of treatment by such medication. (docket no. 46-1, at 15). Based on this evidence, it is likely that, if Defendant responds to the medication, he will remain competent for any trial. Therefore, the objection is overruled.

Second, Defendant argues that the Forensic Evaluation only cites varying studies with divergent outcomes, none of which take into account the particulars of Defendant's case. In fact, the Evaluators explicitly reviewed Defendant's mental health history and current symptoms. Specifically, Defendant's case is analogized to those involved in the Ladds study, which found that 87% of similarly situated defendants were restored to competency for trial by similar medication. (*Id*. at 21). Therefore, Defendant's objection is overruled.

Third, Defendant argues that the Forensic Evaluation itself defines "substantially likely" as "at least as high as preponderance but less than clear and convincing evidence" and "substantially unlikely" as "less than preponderance." Regardless of how the Forensic Evaluation defines such terms, the United States Magistrate Judge found by clear and convincing evidence, and the court agrees, that the likelihood of restoration to competence was substantial, based upon a worst-case scenario of 40% and a best-case scenario of 90%. (*Id*. at 14). Whatever standards the Evaluators themselves may use, the United States Magistrate Judge applied a "clear and convincing" standard to the various success rates shown by different studies. The court overrules Defendant's objection and adopts the United States Magistrate Judge's analysis.

Fourth, Defendant argues that because schizophrenia is a chronic illness prone to periods of exacerbation and remission, Defendant may become competent for trial absent any treatment with medication. Defendant suggests that to ignore this possibility implies that Defendant has been and will remain mentally incompetent, which may provide the

4

basis for a complete defense to the crimes charged in the Indictment. Defendant's argument is unavailing. The Forensic Evaluation makes plain that Defendant, as a patient who does not admit his mental illness, is highly unlikely to improve through psychotherapy alone. (*Id*. at 23). The evidence shows that the proposed treatment is necessary because absent such treatment, there is very little chance Defendant will become competent for trial. Therefore, the court overrules the objection and adopts the analysis in the Report and Recommendation.

## *V. CONCLUSION*

**IT IS ORDERED:**

(1) The court **OVERRULES** Defendant Greg Alan Johnson's Objections to the Report and Recommendation (docket no. 55);

(2) The court **ADOPTS** the well-reasoned Report and Recommendation of May 17, 2007 (docket no. 54);

(3) The court **GRANTS** the government's request in its Letter Request to administer psychotropic medications to Defendant involuntarily, for a period no greater than four months, to restore him to competency in order to proceed to trial, pursuant to the Proposed Treatment Plan set forth on pages 24-28 of the Forensic Evaluation, introduced at the time of the Hearing as Exhibit 1;

(4) Defendant is directed to comply with the prescribed treatment regimen at the Federal Medical Center in Butner, North Carolina, including the taking of psychotropic medication;

(5) Upon Defendant's noncompliance with said treatment regimen, the clinical staff at the Federal Medical Center in Butner, North Carolina, are directed to involuntarily administer psychotropic medication to Defendant in an effort to restore him to competency; and

(6) Time continues to be excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(4) (delay resulting from defendant's incompetency to stand trial).

**DATED** this 1st day of June, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA